UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARMAN L. DECK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:12CV1527 CDP |
| | ) |
| TROY STEELE, et al., | ) |
| | ) |
| Respondents. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court, *sua sponte*, upon review of the file.

Petitioner Carman L. Deck is currently on death row at the Potosi Correctional Center in Mineral Point, Missouri, for the murders of James and Zelma Long. Deck was convicted by a jury in the Circuit Court of Jefferson County, Missouri, and was sentenced to death for each of the two murders. He is also serving two concurrent life sentences for two counts of armed criminal action, as well as consecutive sentences of thirty years imprisonment for one count of robbery and fifteen years imprisonment for one count of burglary. Because Deck is serving consecutive sentences, Missouri Attorney General Chris Koster is added to this case as a proper party respondent.[1]

---

[1] *See* Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

This action is before me now on Deck's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He raises numerous claims that his conviction and death sentences were obtained in violation of his constitutional rights.  The Missouri Supreme Court addressed a number of these claims on their merits and, as such, I will review them under the AEDPA in due course.

My review of Deck's petition and the state court file shows that the Missouri Supreme Court reviewed some of Deck's instant claims only for plain error, noting that they were not preserved for appellate review.  As a federal habeas court, I "cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed that claim for plain error." *Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015) (applying the rule set out in *Hayes v. Lockhart*, 766 F.2d 1247 (8th Cir. 1985)).[2]  Instead, I may review the merits of the claims only if Deck shows cause for the default and actual prejudice resulting from the alleged constitutional violation, or that a fundamental miscarriage of justice would occur if I were not to address the claims.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  In their response to the claims raised in Deck's petition, however, the respondents did not argue procedural default with respect to these

---

[2] *See also Pollard v. Delo*, 28 F.3d 887, 889 (8th Cir. 1994) (state court's consideration of merits of claim "as a matter of grace" does not erase fact of procedural default from petitioner's failure to comply with state's procedural rule); *Hayes*, 766 F.2d at 1252 (state court's consideration of substance of petitioner's claim was merely in conjunction with plain error review and did not lift bar).

plain error claims but instead addressed them only on their merits, averring that I should do so as well.

In addition, another of Deck's claims appears to be defaulted in part because he failed to properly raise the factual basis of the claim on post-conviction appeal. As with the plain error claims, the respondents did not argue procedural default with respect to this claim and indeed did not address the factual basis of the claim that appears to be defaulted.

Not faced with a defense of procedural default to these claims, Deck did not invoke any exceptions to the procedural bar in his Traverse with respect to these claims.

I may not address *sua sponte* a defense of procedural default without providing the parties fair notice and an opportunity to present their positions. *Dansby v. Hobbs*, 766 F.3d 809, 824 (8th Cir. 2014). I will therefore provide an opportunity for Deck to address the procedurally defaulted aspects of the following claims, to which respondents shall have an opportunity to respond.

### Ground 14

> **Mr. Deck was denied his rights to due process of the law, a trial before a fair and impartial jury, and a fair and reliable sentencing in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution when the prosecution engaged in improper closing argument.**

In this claim, Deck challenges the prosecutor's comments in four areas of his

closing argument: 1) the jurors' accountability to the Longs' grandchildren and great-grandchildren; 2) improper personalization, urging the jurors to place themselves in the victims' shoes; 3) misstatement of the evidence, arguing that Deck helped prisoners serving life sentences to escape; and 4) misstatement of the evidence, arguing future dangerous and the jurors' responsibility to prevent future harm to guards and inmates. On direct appeal of Deck's final penalty phase trial, the Missouri Supreme Court found that the only basis of this claim preserved for review was that the prosecutor engaged in improper personalization regarding the jurors' accountability to the Longs' grandchildren and great-grandchildren. The court determined all other bases for this claim to be unpreserved and only entitled to plain error review. *State v. Deck*, 303 S.W.3d 527, 540-44 (Mo. banc 2010).

## Ground 15

> **Mr. Deck was denied his rights to due process, a fair and impartial jury, a fair sentencing trial, and freedom from cruel and unusual punishment, in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution when the trial court failed to read a mandatory instruction to the venire panel before death qualification.**

Deck raised this claim on direct appeal of his final penalty phase trial. The Missouri Supreme Court reviewed the claim only for plain error, however, inasmuch as the claim was not preserved for appeal. *Deck*, 303 S.W.3d at 545-47.

## Ground 24

**Mr. Deck was denied effective assistance of counsel under the Sixth Amendment to the United States Constitution and his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution when, at his third penalty phase trial, trial counsel failed to object to the prosecutor's closing argument, including statements that Mr. Deck had "prior escapes" and had helped inmates serving life sentences to escape.**

In the body of this claim, Deck contends that trial counsel was ineffective for failing to make the following objections to portions of the prosecutor's closing argument: 1) misstatement of the evidence regarding "all [of Deck's] prior escapes" and his helping prisoners serving life sentences to escape; and 2) improper personalization in that the prosecutor urged the jurors to place themselves in the victims' shoes. Although Deck raised both factual bases of this claim in his post-conviction motion (Resp. Exh. QQ at 78-83), he did not raise on post-conviction appeal that part of his claim challenging counsel's effectiveness for failing to object to the prosecutor's improper personalization argument. (*See* Resp. Exh. VV at 128-32.) A claim must be presented at each step of the judicial process in state court in order to avoid procedural default. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). To be fairly presented, the claim in state court must contain the same factual grounds for relief as asserted in the federal habeas petition. *Picard v. Connor*, 404 U.S. 270 (1971); *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir.

- 5 -

1996).

Because it appears that the claims set out above may be subject to procedural default, and the issue of procedural default regarding these claims has not been addressed by the parties,

**IT IS HEREBY ORDERED** that, not later than **November 6, 2015**, petitioner Carman L. Deck shall file a supplemental Memorandum to the Court addressing Grounds 14, 15, and 24 of his Amended Petition for Writ of Habeas Corpus to the extent that some or all of the claims raised in these grounds may be procedurally barred from federal habeas review.

**IT IS FURTHER ORDERED** that respondents shall have until **December 4, 2015**, to respond to Deck's supplemental Memorandum. Any Traverse shall be filed not later than **December 28, 2015.**


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of October, 2015.