# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARMAN L. DECK, | ) |
| Petitioner, | ) |
| v. | ) No. 4:12-CV-1527 CDP |
| TROY STEELE, | ) |
| Respondent. | ) |

## SUGGESTIONS IN OPPOSITION TO THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

### Factual and Procedural History

Carman Deck is under a sentence of death for a 1996 murder. Deck filed this federal habeas corpus petition in 2013, raising 32 claims of trial court error and ineffective assistance of counsel. [Doc. 30]. Respondent filed his response [Doc. 35], and Deck his traverse [Doc. 67]. This Court ordered a supplemental round of briefing on October 8, 2015. [Doc. 76]. That briefing was completed on January 22, 2016 with the filing of Deck's Supplemental Traverse. [Doc. 84]. The case is now once again ready for ruling by this Court.

As this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," Rule 11, Rules Governing § 2254 Cases in United States District Courts, Respondent requests that this

Court deny Deck a Certificate of Appealability should it deny Deck's Amended Habeas Petition.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This standard is not whether reasonable jurists could disagree on the merits of a petitioner's claims when reviewing the claims de novo, but whether reasonable jurists could disagree with the district Court's denial of the writ under AEDPA's highly deferential standard. *See Miller-El*, 537 U.S. at 336.

In order to obtain a certificate of appealability on a claim that the district court denied on procedural grounds, the petitioner must demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Khaimov v. Crist,* 297 F.3d 783, 785 (8th Cir. 2002) (quoting *Slack,* 529 U.S. at 484).

Each of Deck's claims was previously denied in a reasonable state court decision or is procedurally defaulted.[1] It is unlikely that reasonable jurists could disagree with this Court's application of the highly deferential standard of 28 U.S.C. § 2254 (d) and (e) to the former or this Court's ruling on the validity or default of the latter.

## Conclusion

This Court should deny Deck's petition and a certificate of appealability.

Respectfully submitted,

CHRIS KOSTER
Attorney General

\s\ Katharine A. Dolin
KATHARINE A. DOLIN
Assistant Attorney General
Missouri Bar No. 64817

P. O. Box 899
Jefferson City, MO  65102
(573) 751-3321
(573) 751-3825 fax
Katharine.Dolin@ago.mo.gov
Attorneys for Respondent

---

[1] One other claim is moot.

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system on this day, the 1st day of February, 2016, and thereby served on Elizabeth Unger Carlyle and Kevin Schreiner, Attorneys for Petitioner.


\s\ Katharine A. Dolin
Katharine A. Dolin
Assistant Attorney General