UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARMAN L. DECK,                    )
                                   )
    Petitioner,                    )
                                   )
vs.                                )        No. 4:12CV1527 CDP
                                   )
TROY STEELE,                       )        CAPITAL HABEAS
                                   )
    Respondent                     )

**SUGGESTIONS IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT,
OR IN THE ALTERNATIVE FOR A CERTIFICATE OF APPEALABILITY**

    Petitioner Carman L. Deck presents his suggestions in support of his motion.

## STANDARDS FOR RELIEF UNDER RULE 59(e)

    "A motion to alter or amend a judgment under Rule 59(e) is intended to

correct manifest errors of law or fact or to present newly discovered evidence."

*Johnson v. Chater*, 108 F.3d 942, 946 (8th Cir. 1997). In *Innovative Home Health*

*Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1287 (8th Cir.

1998), the court explained the purpose of a motion under Fed. R. Civ. P. 59(e) to

correct errors in the judgment:

> Federal Rule of Civil Procedure 59(e) was adopted to clarify a district
> court's power to correct its own mistakes in the time period
> immediately following entry of judgment. *Norman [v. Arkansas Dept.
> of Education*], 79 F.3d [748,] 750 [(8th Cir. 1996)] (citing *White v. New
> Hampshire Dept. of Employment Sec.*, 455 U.S. 445. . . (1982)). Rule
> 59(e) motions serve a limited function of correcting "'manifest errors of
> law or fact or to present newly discovered evidence." *Hagerman [v.
> Yukon Energy Corp.*], 839 F.2d [407] 414 [(8th Cir. 1998)] (quoting
> *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.),
> *as amended,* 835 F.2d 710 (7th Cir. 1987)).

The court in *Innovative Home Health Care* affirmed relief granted under Rule 59(e), noting that "the district judge in this case expressly cited 'errors or changes of heart regarding the merits of the legal arguments' related to. . . the merits of its prior decision. . ." *Id.* Similarly, in *Margolies v. McCleary, Inc.*, 447 F.3d 1115, 1125 (8th Cir. 2006), the court affirmed the Court's grant of a Rule 59(e) motion based on a legal error in the original judgment. See also *Perkins v. U.S. West Communications*, 138 F.3d 336, 340 (8th Cir. 1998) (Affirming relief granted under Rule 59(e)); *Twin City Construction Co. of Fargo v. Turtle Mountain Band of Chippewa Indians*, 911 F.2d 137, 138 (8th Cir. 1990) (Reversal for failure to grant Rule 59(e) motion); *Kort v. Western Surety Co.,* 705 F.2d 278, 281 (8th Cir. 1983) (Affirming relief granted under Rule 59(e)).

## STANDARDS FOR GRANTING CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is entitled to a certificate of appealability (COA) if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This means that the issue before the court should be one about which reasonable jurists could disagree:

> In requiring a 'question of some substance', or a 'substantial showing of the denial of [a] federal right', obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'  [Citations omitted].

*Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). *See Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994).

Applying this standard under the AEDPA, the Supreme Court in *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) stated: "We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Therefore, doubts as to whether to issue a certificate of appealability should be resolved in favor of the appellant. *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir. 1997); see *Buxton v. Collins*, 925 F.2d 816, 819 (5th Cir. 1991); *Buie v. McAdory*, 322 F.3d 980 (7th Cir. 2003).

The Court recently revisited the COA standard in *Buck v. Davis*, 137 S.Ct. 759, 773-774 (2017). There, the court rejected the reasoning of the Fifth Circuit in denying a COA, holding that the court had improperly reviewed the merits of the claim:

> The court below phrased its determination in proper terms—that jurists of reason would not debate that Buck should be denied relief, 623 Fed.Appx., at 674—but it reached that conclusion only after essentially deciding the case on the merits. As the court put it in the second sentence of its opinion: "Because [Buck] has not shown extraordinary circumstances that would permit relief under Federal Rule of Civil Procedure 60(b)(6), we deny the application for a COA." *Id.*, at 669. The balance of the Fifth Circuit's opinion reflects the same approach. . . . But the question for the Fifth Circuit was not whether Buck had "shown extraordinary circumstances" or "shown why [Texas's broken promise] would justify relief from the judgment." *Id.,* at 669, 674. Those are ultimate merits determinations the panel should not have reached. We reiterate what we have said before: A "court of appeals should limit its examination [at the COA stage] to a threshold

3

inquiry into the underlying merit of [the] claims," and ask "only if the District Court's decision was debatable." *Miller–El*, 537 U.S., at 327, 348, 123 S.Ct. 1029.

The process of determining whether a COA is appropriate to review a district court's procedural decision, such as a finding of procedural default or a denial of evidentiary hearing, is governed by *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). There, the court held that where a claim was dismissed by the district court on procedural grounds, the petitioner must meet the *Barefoot* standard as to the procedural question, and must show at a minimum, that jurists of reason would find it debatable whether the petition states a valid claim of a constitutional right.

## ERRORS OF LAW AND FACT

### I. DENIAL OF EVIDENTIARY HEARING.

Mr. Deck requested an evidentiary hearing as to Grounds 5 (failure to investigate a false confession expert), 6 (failure to investigate evidence of innocence), and 20 (failure to investigate and present mitigating evidence not identified in state court.) This Court decided this case without an evidentiary hearing. The Court did not discuss the issues specifically, but stated generally, "Because the facts underlying Deck's claims have been fully developed through the records submitted to the Court and no further development was necessary, I did not hold an evidentiary hearing on the claims." Doc. 86, p. 2. In support of this decision, this Court cited only one case, *Sweet v. Delo*, 125 F.3d 1144, 1160 (8th Cir. 1997).

4

*Sweet* is so different from this case as to be virtually irrelevant. Discussing the failure to hold an evidentiary hearing, the court said,

> Finally, we address Sweet's argument that the District Court abused its discretion in denying him an evidentiary hearing. Sweet sought a hearing on his claims of ineffective assistance of trial counsel and his claim regarding the prosecutor's use of his arrest record to impeach his character witness. Because the bulk of Sweet's claims of ineffective assistance of trial counsel are procedurally barred, a hearing on those claims would get him nowhere. The same reasoning applies to the issue of Sweet's arrest record, which is barred by *Teague*. Only the issue of Freddie Hensley and the mystery truck possibly could be affected by further development of the facts. Sweet received a five-day hearing on his 29.15 motion and developed the factual basis of this claim at that time. He is entitled to an evidentiary hearing in federal court only if he can show cause and prejudice for his failure to develop the facts fully in state court. *See Keeney v. Tamayo–Reyes*, 504 U.S. 1, 11, 112 S.Ct. 1715, 1721, 118 L.Ed.2d 318 (1992). Sweet has not done so, nor has he shown that a fundamental miscarriage of justice will result if he is denied an evidentiary hearing. See *id.* at 12, 112 S.Ct. at 1721. Accordingly, the District Court did not abuse its discretion in denying Sweet a hearing.

Mr. Deck does not seek a hearing on grounds that are procedurally barred. Rather, he seeks a hearing on grounds that, because of *Martinez v. Ryan,* 566 U.S. 1 (2012) (which was decided long after *Sweet*), are **not** procedurally barred. Nor (unlike Mr. Sweet) has he had a five day evidentiary hearing and developed the factual basis of any of these grounds.

When the merits of these grounds were considered by this Court, only the state court record, pleadings of the parties and (in some cases) sworn declarations in support of these grounds were available. Under such circumstances, an evidentiary hearing is required. "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release,

relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996), citing *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir.1994). In *Toney*, the court remanded for an evidentiary hearing after finding that "The record in the present case does not conclusively establish that Toney's claims are either barred from review or without merit." *Id.* Where the petitioner "ha[d] not been given an adequate opportunity to present competent evidence of the out-of-state witnesses' expected testimony," the court in *Armstrong v. Kemna*, 534 F.3d 857, 868 (8th Cir. 2008), remanded for an evidentiary hearing. The same principle applies here. As the court explained in *Dickens v. Ryan*, 740 F.3d 1302, 1321, 1322 (9th Cir. 2014), 28 U.S.C. §2254(e)(2) does not bar a hearing on the issue of whether a petitioner has shown "cause" under *Martinez*, including a showing that the claim is substantial.

> *Martinez* may provide a means to show "cause" to overcome the default and reach the merits of the new claim. Because §2254(e)(2) by its terms does not prevent consideration of the substantive evidence of the claim to the extent necessary to determine if Dickens has successfully proven "cause," Dickens will have a fair opportunity to show cause and prejudice so as to overcome the procedural bar of the otherwise defaulted claim. See *Martinez*, 132 S.Ct. at 1317. Thus, §2254(e)(2) does not bar a cause and prejudice hearing on Dickens's claim of PCR counsel's ineffectiveness, which requires a showing that Dickens's underlying trial-counsel IAC claim is substantial.

Applying AEDPA, the court in *Simpson v. Norris,* 490 F.3d 1029, 1035 (8th Cir. 2007)*,* explained that 28 U.S.C. §2254(e)(2) did not apply because Mr. Simpson's claim, like those at issue here, was previously unavailable, and remanded for an evidentiary hearing. *See also Barnett v. Roper*, 941 F.Supp.2d

1099 (E.D. Mo. 2014), granting evidentiary hearing on ground not previously

presented in state court after holding that *Martinez* overcame the prior default.

This Court erred when it held that an evidentiary hearing was not required

because the facts had been fully developed in the documents before the court. All

three of the claims referenced here involve failure to present witnesses whose

testimony has never been heard by any court. This Court should vacate its order

denying relief on grounds 5, 6 and 20 and conduct an evidentiary hearing as to

those grounds. In the alternative, this Court should grant a certificate of

appealability on the issue of whether an evidentiary hearing should be held.


## II. DETERMINATION THAT CLAIMS THAT WERE OMITTED FROM THE STATE POST-CONVICTION MOTION WERE NOT "SUBSTANTIAL."

In order to overcome a procedural default under *Martinez*, Mr. Deck had to

show that his post-conviction counsel were ineffective in failing to present issues of

ineffective assistance of trial counsel in the circuit court post-conviction proceeding,

and that the issue that was omitted was "substantial." In determining whether an

issue is substantial, this court should not perform a full merits review. Rather, the

process is akin to that for determining whether a certificate of appealability should

be issued. *Martinez v. Ryan*, 566 U.S. at 14. In *Buck v. Davis,* 137 S.Ct. 759 (2017),

the Supreme Court held that all a petitioner must show to receive a COA is that

"jurists of reason could disagree" with how the issue should be resolved, or that "the

issues presented are adequate to deserve encouragement to proceed further." 137

S.Ct. at 773-74. "[W]hen a reviewing court . . . 'first decid[es] the merits of an

appeal, . . . then justif[ies] its denial of a COA based on its adjudication of the actual

merits,' it [places] too heavy a burden on the prisoner at the COA stage." *Id.*

(emphasis in original).

In *Buck*, the Court reversed the denial of a certificate of appealability on Mr.

Buck's claim that he was subjected to cruel and unusual punishment, then granted

relief on the merits. Here, the record is not so well developed. But Mr. Deck's claims

in Grounds 5, 6 and 20 are certainly substantial enough to deserve "encouragement

to proceed further." The approach used by this Court, an attempt to review the

merits of each ground, was rejected in *Buck* as well as *Miller-El v. Cockrell*, 537

U.S. 322, 337 (2003). There, the Court explained, "[A] court of appeals should not

decline the application for a COA merely because it believes the applicant will not

demonstrate an entitlement to relief." This Court's analysis of the merits, in

general, applied a far stricter standard than the COA standard in rejecting each

claim as "insubstantial."

## III. FINDING OF DEFAULT ON GROUNDS REVIEWED FOR PLAIN ERROR.

In *Dietz v. Solem*, 640 F.2d 126 (8th Cir. 1981), a panel of the court of appeals

reviewed, and granted on the merits, Mr. Dietz's claim that the jury instructions in

his case were improper. It did so despite the contention of the State of South Dakota

that the claim was not available for review because the state court reviewed only for

plain error. While the court remanded for a hearing on whether there was "cause"

for the failure to object, it did not hold that the issue was insulated from review.

Contrary to this Court's finding, this decision cannot be squared with the later panel decision in *Hayes v. Lockhart*, 766 F.3d 1247, 1253 (8th Cir. 1985). As the first panel decision on the issue, *Dietz* controls under *Clark v. Bertsch*, 780 F.3d 873 (8th Cir. 2015).

Moreover, *Hayes* was implicitly overruled by the United States Supreme Court. Under *Harris v. Reed*, 489 U.S. 255, 269 (1989); *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991), or *Coleman v. Thompson*, 501 U.S 722, 740 (1991), the relevant question for availability of review is whether a state court has reached the merits of the claim. None of these cases, all decided after *Hayes*, suggest that the fact that the state court merits review was other than plenary means that the issue is unavailable for habeas review.

Finally, this Court's analysis ignores the differences between Missouri's plain error review and that of Arkansas and South Dakota. It is clear that as a matter of Missouri law, particularly in death penalty cases, the court will review the merits of both preserved and unpreserved issues. It did so here.

This Court should consider the merits of all of Grounds 14 and 15, and grant the requested relief. In the alternative, this Court should issue a certificate of appealability to permit appellate review of this procedural default question.

### IV. POST-CONVICTION COUNSEL'S FAILURE TO RAISE CLAIMS OF INEFFECTIVE ASSISTANCE OF DIRECT APPEAL COUNSEL SHOULD BE DEEMED CAUSE TO AVOID DEFAULT.

In denying Grounds 23(b), 26, 28, and 32(b)[1] for being procedurally defaulted, this Court found that post-conviction counsel's failure to raise these claims of inadequate assistance of appellate counsel did not establish cause under *Martinez* because *Martinez* by its terms applies only to omitted claims of trial counsel. Mr. Deck does not quibble with the Court's analysis that claims must be presented at each step of the judicial process to avoid procedural default. Nor does he disagree that Mo. Sup. Ct. Rule 29.15 provides the exclusive means to raise claims of ineffective assistance of direct appeal counsel under Missouri law. He does, however, believe that the issue whether post-conviction counsel's failure to raise claims of ineffective assistance of appellate counsel is "cause" under *Martinez* is deserving of further review.

In finding that *Martinez* is not applicable to claims of ineffective assistance of counsel, this Court cited *Dansby v. Hobbs,* 766 F.3d 809, 833 (8th Cir. 2014). In *Dansby,* the Eighth Circuit held that *Martinez* exception to the "rule of *Coleman*" only applied in the limited circumstance of ineffective assistance of trial counsel. . . *Id.* at 834. Although *Dansby* is the law of this Circuit, the Ninth Circuit has held that *Martinez* standard for "cause" to avoid default applies to claims of ineffective

---

[1]Mr. Deck notes that in those grounds for relief in which Mr. Deck raises both ineffective assistance of trial and appellate counsel, the Court has bifurcated the claim identifying the ineffective assistance of appellate counsel sub-claim as "Ground ___(b)."

assistance of direct appeal counsel. *See Ha Van Nguyen v. Curry,* 736 F.3d 1287, 1295 (9th Cir. 2013) ("we . . . conclude that the *Martinez* standard for 'cause' applies to all Sixth Amendment ineffective-assistance of counsel claims, both trial and appellate, that have been procedurally defaulted by ineffective counsel in the initial-review state-court proceeding.").

Petitioner has demonstrated that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the Ninth Circuit has applied *Martinez* to otherwise defaulted claims of ineffective assistance of appellate counsel, reasonable jurists not only can, but do debate whether this Court's procedural ruling was correct. *Id.* Each of the grounds at issue states a valid claim for the denial of a constitutional right. . . They allege appellate counsel's failure to raise claims on appeal that would have a reasonable probability of success. Claims of ineffective assistance of appellate counsel fall under the Sixth Amendment. Given that at least one circuit has found that *Martinez* applies to claims of ineffective assistance of direct appeal counsel and that Mr. Deck has asserted the denial of his right to effective counsel, this Court should grant a certificate of appealability as to Grounds 23(b), 26, 28, and 32(b).

## V. SPECIFIC GROUNDS REQUIRING RELIEF

### A. Ground 1: Improper admission of confession

This Court found that review of Ground 1 was barred by *Stone v. Powell,* 428 U.S. 465, 494 (1976), because the basis for exclusion rested on an arrest which was improper under the Fourth Amendment. A certificate of appealability is appropriate as to this ground.

First, as noted in the traverse, the United States Supreme Court has never applied *Stone v. Powell* to a capital case. Second, at least two courts have held that *Stone v. Powell* no longer applies after AEDPA. In *Carlson v. Ferguson*, 9 F.Supp.2d 654 (D.W.V. 1998), the court first noted that the limitation on review prescribed in *Stone* "is neither jurisdictional nor statutorily based." *Id.* at 657, citing *Kuhlman v. Wilson*, 477 U.S. 436, 447 (1986), and *Withrow v. Williams*, 507 U.S. 680, 686 (1993). The court then concluded that AEDPA abrogated *Stone*.

> Respondents have provided this Court with no evidence that Congress intended to exclude Fourth Amendment claims from the statutory framework of 28 U.S.C. § 2254(d). In fact, the plain language of the statute reads: "An application for a writ of habeas corpus ... shall not be granted with respect to any claim that was adjudicated on the merits in [state court]." 28 U.S.C. § 2254(d) (emphasis supplied). Following the well-established plain language rule of statutory interpretation, see Brogan v. United States, 522U.S. 398, ——, 118 S.Ct. 805, 807, 139 L.Ed.2d 830 (1998); Green v. Biddle, 21 U.S. (8 Wheat.) 1, 89–90, 5 L.Ed. 547 (1823), this Court concludes that the phrase "any claim that was adjudicated on the merits" as drafted in section 2254(d) includes claims premised under the Fourth Amendment's exclusionary rule.

In *Herrera v. McMaster*, 225 F.3d 1176 (10th Cir. 2000), the court held that Mr. Herrera had not received a full and fair hearing on his Fourth Amendment

12

claim because the state court applied the wrong legal analysis. The same is true here with respect to Mr. Deck's claim. Because reasonable jurists could disagree with this Court's conclusion that review is barred by *Stone*, a certificate of appealability should be issued as to Ground 1. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003); *Buck v. Davis,* 137 S.Ct. 759 (2017).

### B. Ground 2: Change of venue.

In addressing Ground 2, this Court found that the Missouri Supreme Court set out the correct constitutional standard for determining whether a defendant could receive a fair trial from a jury exposed to pretrial publicity. In addition, this Court found that there was no indication that Mr. Deck was denied a fair and impartial jury because of publicity. This Court further found that this determination was not "contrary to, or involved an unreasonable application of," clearly established federal law. Nor did this Court find this determination to be an unreasonable determination of the facts. In doing so, this Court erred in law and fact.

Although the Court found that Mr. Deck had failed to demonstrate that no juror who sat on his case had such fixed opinions that they could not render a fair and impartial verdict in this case, it did not consider whether the publicity was indicative of "the then current community pattern of thought." *Irvin v. Dowd*, 366 U.S. 717, 725-27 (1961). Mr. Deck could not show that any juror had a fixed opinion that they could not render a fair and impartial verdict in this case. The reason for

13

this is that pretrial publicity was indicative of the community pattern of thought and the jurors who served and were tainted by this publicity assured the court of their impartiality. *Irvin*, 366 U.S. at 725-27. Because the Missouri Supreme Court did not address whether the juror assurances were tainted by the media coverage was indicative of the community pattern of thought, the decision was "contrary to, or involved an unreasonable application of," clearly established federal law. It was also an unreasonable determination of the facts.

This Court should alter its judgment and grant relief on Ground 2. In the alternative, a certificate of appealability should be issued. . . This claim is fact intensive and demands further review and consideration. . . Other federal courts have granted certificates of appealability in cases in which the trial court has denied a change of venue based on pretrial publicity. *See e.g. Price v. Allen*, 679 F.3d 1315 (11th Cir. 2012); *Hetzel v. Lamas*, 630 F. Supp. 2d 563 (E.D. Pa. 2009).

### C. Ground 5, False Confession Expert

Mr. Deck has provided sufficient detail in his pleadings to require a hearing to determine whether this ground is substantial. In rejecting it, this Court first concluded that it was unlikely that a false confession expert would have been permitted to testify. Doc. 86, p. 27. While many jurisdictions have now accepted the use of expert testimony in this area, Missouri courts have, admittedly, been slow to do so.

The Court also rejected Mr. Deck's contention that a confession expert could have assisted trial counsel even if she did not testify, stating,

> Other than Deck's speculation that a confessions expert would have provided additional assistance to counsel, nothing before the Court shows a reasonable probability that such additional assistance would have affected the outcome of the case, especially in light of counsel's conduct in ably pursuing a false confessions defense.

*Id.*, p. 28. This Court thus reached a conclusion on the *merits* of Mr. Deck's ground for relief, passing over the necessary determination of whether the ground has "some merit." Mr. Deck's pleading included a sworn declaration from the false confession expert, Dr. Deborah Davis, which described in detail the information she could have provided to counsel that would have assisted in cross-examination, investigation, and the presentation of evidence relevant to the likelihood of a false confession. Just one example is the effect of interrogation techniques on vulnerable suspects. Trial counsel did not question the officers at all about their knowledge or use of interrogation tactics. Nor did they question prospective jurors on this issue.

However, without hearing the testimony of Dr. Davis, this Court cannot conclude that this ground has *NO* merit, as required to reject it as unsubstantial. At an evidentiary hearing, both Dr. Davis and trial counsel would testify regarding the information that could have been either presented to the jury or utilized by trial counsel. This Court could then make a proper determination as to whether Mr. Deck has met the "some merit" standard required under *Martinez*. Because this Court used a more stringent standard, it should amend its judgment. In the alternative, a certificate of appealability should be issued as to this ground.

15

### D. Ground 6: Failure to investigate innocence

Again, this Court used the wrong standard when it determined that the ground was not "substantial" within the meaning of *Martinez*. This Court stated that it "declined to find prejudice" from the failure to investigate and call Jim Boliek. Doc. 86, p. 33. Later, the court finds that Mr. Deck "has failed to show he was prejudiced" by counsel's failure to investigate Elaine Gunther and William Boliek. *Id.,* p. 34.

This Court then faults Mr. Deck for failing to provide affidavits in support of his allegation that trial counsel were ineffective for failing to investigate and call nurses at the hospital, characterizing his allegations as "speculation." The fact that an allegation is not supported by an affidavit does not make it speculative. It simply makes it unproven. But in order to show that this ground, which was never presented in state court, is "substantial," Mr. Deck is not required, under the case law, to provide affidavits.[1] Rather, he must allege a violation of a constitutional right. He has done so here. He has indicated, with specificity, what the omitted witnesses would have said.

In particular, this Court's finding that the nurses' testimony that Mr. Deck was at the hospital at 10:00 would not have helped him is somewhat confusing. In

---

[1] With respect to affidavits, Mr. Deck would note that he repeatedly requested, in sealed pleadings before this Court, sufficient resources to allow him to investigate both fact and mitigation witnesses. Those requests were rejected, and Mr. Deck's counsel were thus severely hampered in obtaining substantive evidence.

his petition, Mr. Deck indicated that Ms. Shelia Francis and other nurses would testify that Mr. Deck arrived at the hospital before the murder was committed and did not leave until afterwards. Amended Petition, p. 41. *That* testimony, of course, would have provided Mr. Deck with an alibi for the murders.

The allegations in this ground are sufficient for a finding that the ground was "substantial" and required a hearing. *See Dickens v. Ryan*, 740 F.3d 1302, 1321, 1322 (9th Cir. 2014). Should this Court not so find, in light of the *Dickens* opinion, reasonable jurists could disagree with this Court's conclusion, and a certificate of appealability should be issued.

E. **Grounds 8 and 9: Ineffective Assitance of Counsel for Failure to Object to Hearsay Testimony.**

Rather than determining whether these procedurally defaulted claims were "substantial" for purposes of *Martinez,* the Court conducted a full merits review of these grounds for relief. This was error. Specifically, in regards to Ground 8, this Court found that Mr. Deck could not show how the exclusion of Corporal Dolen's statement would have had any effect on the outcome of the trial and that he was not "prejudiced" by counsel's failure to object to it. Doc. 86, pp. 50-51. Similarly, as to Ground 9, this Court found that Mr. Deck could not demonstrate how Detective Knoll's testimony that three people supported Mr. Boliek's alibi had any effect on the outcome of the trial of this case.

As discussed above, this Court may not conduct a full merits review of grounds for relief before concluding they are not "substantial" for *Martinez*

17

purposes. Had the court conducted the proper analysis, there would have been no finding of default.

Detective Knoll's hearsay testimony as to Corporal Dolen's statement that two deceased people were found at the location described by Mr. Deck, and his discussion of the testimony of Mr. Boliek's supposed alibi witnesses, went well beyond explaining why Detective Knoll needed to continue his investigation into the both the crime scene and Mr. Boliek or focus his investigation on Mr. Deck. It was inadmissible, unnecessary, and highly prejudicial to Mr. Deck's defense. The fact that two dead bodies were found is unnecessary to explain the continued investigation of Mr. Deck. Specifically, it prejudiced Mr. Deck's defense because it bolstered the State's introduction into evidence of Mr. Deck's confession which defense counsel challenged as false. Similarly, Detective Knoll's testimony that Mr. Boliek had several alibi witnesses including himself was unnecessary to explain why there was need to conduct a further investigation of Mr. Deck and only prejudiced him in the minds of the jury. Furthermore, the only evidence that Mr. Boliek had an alleged alibi to the murders was Detective Knoll's hearsay testimony that he did. This testimony was unnecessary to explain why the investigation into Mr. Deck continued as he was already in custody and considered a suspect. A reasonable attorney in similar circumstances would have objected to these inadmissible, highly inflammatory and unnecessary hearsay statements. The State offered these statements not to explain the investigation but for the truth of their contents and to bolster the State's other evidence. This is not permissible. *See Jones*

18

*v. Bassinger,* 635 F.3d 1030, 1046 (7th Cir. 2011) (noting that "course of investigation evidence" has little or no probative value, but the dangers of prejudice and abuse posed by the "course of investigation" tactic are significant).

Mr. Deck has demonstrated that post-conviction counsel was deficient in failing to raise these substantial claims of the violation of a constitutional right that have some merit. Reasonable jurists could disagree whether these hearsay statements would have been admitted under a "course of investigation" exception if trial counsel had objected to them. Mr. Deck has made a strong enough showing of each *Martinez* element to require an evidentiary hearing in the district court.

This Court should alter its judgment and grant relief on Grounds 8 and 9. In the alternative, a certificate of appealability should be issued as to them.

## F. Ground 14: Improper personalization in final argument[2]

With respect to the portion of this ground that the court found was not defaulted, Mr. Deck contends that this Court should grant relief and order a new penalty phase. In formulating the standard of review, this Court cited two Missouri **plain error** cases, *James v. Bowersox*, 187 F.3d 866 (8th Cir. 1999), and *Sublett v. Dormire*, 217 F.3d 598 (8th Cir. 2000). Under this Court's current application of

_____

[2] This and the succeeding grounds are argued in the alternative. Mr. Deck understands that under the Court's order of April 13, 2017, no future sentencing phase will occur and he will be sentenced to life without parole. Mr. Deck certainly does not contest that relief. Should this Court, or a higher court, reverse that finding, Mr. Deck contends he is entitled to a new penalty phase under this and the grounds which follow.

*Clark v. Bertsch*, the grounds in these cases would not have been reviewed at all in federal court. However, the Eighth Circuit instead chose to determine whether the state court properly applied the plain error rule. But Mr. Deck fully preserved this ground for review, both at the trial court and appellate level. Thus, the standard is not whether the questioned comments are so inflammatory that a court should have granted a mistrial *sua sponte,* as this Court suggested. Doc. 86, pp. 107-108.

Rather, the standard is that of *Shurn v. Delo*, 177 F.3d 662 (8th Cir. 1999; *Newlon v. Armontrout*, 885 F.2d 1328 (8th Cir. 1989); and *Weaver v. Bowersox*, 438 F.3d 832 (8th Cir. 2006). As the court explained in *Weaver,*

> Statements about the prosecutor's personal belief in the death penalty are inappropriate and contrary to a reasoned opinion by the jury. *Miller v. Lockhart*, 65 F.3d 676, 684-85 (8th Cir.1995). A prosecutor should not emphasize his or her position of authority in making death penalty determinations because it may encourage the jury to defer to the prosecutor's judgment. *Newlon*, 885 F.2d at 1335-37.

*Id.* at 840-841. The *Weaver* court held that the prosecutor's statements regarding his personal beliefs resulted in a violation of due process, and that the state court's contrary conclusion was unreasonable under the AEDPA standard. *See also Copeland v. Washington,* 232 F.3d 969 (8th Cir.2000).

This Court should amend its judgment and grant relief on Ground 14, granting Mr. Deck a new penalty phase if this Court's order commuting his sentence is overturned. In the alternative, in light of *Shurn*, *Newlon*, *Weaver*, and *Copeland*, this Court should find that reasonable jurists could differ on the court's conclusion and grant a certificate of appealability.

### G. Ground 16: Burden of Proof on Mitigating Evidence

This Court denied Ground 16, finding that the Missouri Supreme Court's determination that the trial court did not err in giving requested defense instructions 8 and 13 regarding mitigating evidence was not contrary to nor an unreasonable application of federal law. Specifically, this Court implicitly found that the Missouri Supreme Court identified and properly applied United States Supreme Court precedent in *Kansas v. Marsh*, 548 U.S. 163 (2006). In *Marsh*, the Supreme Court upheld the constitutionality of the Kansas death penalty statute that provided for the death penalty when mitigating and aggravating factors are in equipoise.

The Missouri death penalty statute, however, differs from the Kansas statute that the United States Supreme Court upheld in *Marsh*. Unlike the Kansas statute, the Missouri statute creates a presumption in favor of the death penalty. The Missouri statute does so by requiring jurors to unanimously find that the mitigation factors outweigh the aggravating factors. See Mo. Rev. Stat. §565.030.4. In the Kansas statute, the Court must impose a sentence of life without parole if the State does not prove beyond a reasonable doubt that the mitigating circumstances outweigh the aggravating circumstances. *Marsh*, 548 U.S. at 177-178. As the Supreme Court observed regarding the Kansas statute:

> Significantly, although the defendant appropriately bears the burden of proffering mitigating circumstances—a burden of production—he never bears the burden of demonstrating that mitigating circumstances outweigh aggravating circumstances. Instead, the State always has the burden of demonstrating that mitigating evidence does not outweigh aggravating evidence.

*Id.* at 178–79. The Missouri statute in effect at the time of Mr. Deck's trial permitted a death sentence, even if the jurors do not unanimously agree that the mitigation factors outweigh the aggravating factors, if: (1) the jurors find at least one aggravating circumstance; (2) the jurors find that the evidence in aggravation of punishment warrants the death penalty; and (3) the jurors decide that under all of the circumstances to assess the death penalty. *See* Mo. Rev. Stat. §565.030.4. Unlike the Kansas statute, the Missouri statute thus requires the defendant to prove unanimously that the mitigation outweighs the aggravation in order to avoid death. If the jurors split on that issue, the verdict is not life without parole; instead, the case keeps moving toward death.

The instructions requested by the defense would have restored the constitutional balance, requiring the jury to impose life unless they found the aggravating circumstances outweighed the mitigators. Because the Missouri statute is distinguishable from the Kansas statute in that it impermissibly creates a presumption that death is the presumptive sentence rather than life without parole, the Missouri Supreme Court's decision was contrary to or an unreasonable application of federal law or was based on an unreasonable determination of the facts.

This Court should alter its judgment and grant relief on Ground 16 in the event this Court's order vacating and precluding a death sentence is overturned. In the alternative, a certificate of appealability should be issued.

## H. Grounds 18 and 25: Ineffective assistance at jury selection.

This Court held that in order to show prejudice from trial counsel's failure to properly conduct voir dire, Mr. Deck was required to show that a biased juror was seated on his jury. This virtually insurmountable standard is not supported by the cases cited by the Court. In *Sanders v. Norris*, 529 S.W.3d 787 (8th Cir. 2000), the court held that since the state court had made a factual finding that a juror was not biased, although he was shown to be unqualified and would have been eliminated had he been properly questioned, Mr. Sanders was not entitled to relief. However, the situation here is different. Because the Missouri Supreme Court found that there was no deficient performance, there is no state court factual finding on which this Court can rely. Similarly, in *Singleton v. Lockhart*, 871 F.2d 1395 (8th Cir. 1989), the court cited to record evidence that the single juror whom Mr. Singleton contended should have bene challenged was not biased. No such evidence exists here.

Mr. Deck's ground for relief is different. Unlike Mr. Singleton and Mr. Sanders, he does not specify a particular juror who should not have been seated. Nor is he able to do so; because his trial counsel did not ask the jurors the questions that would have revealed their bias, Mr. Deck has no way of doing so now. Mr. Deck's right to due process of law was violated when trial counsel failed to explore the jurors' potential bias. Such an exploration could have resulted in either challenges for cause or the more informed exercise of peremptory challenges.

The United States Supreme Court has made clear that jurors' views on the death penalty are a proper and necessary subject for inquiry in jury selection when that punishment will be available to the jury. *See, e.g. Morgan v. Illinois*, 504 U.S. 719 (1992) (defendant is entitled to know if jurors will automatically vote for death). This is based on the "requirement of impartiality embodied in the Due Process Clause of the Fourteenth Amendment," *Id.* at 729. The failure of Mr. Deck's counsel to make proper inquiries deprived him of that right. No further showing of prejudice is necessary.

This Court should alter its judgment and grant relief on Grounds 18 and 25. In the alternative, a certificate of appealability should be issued.

## I. Grounds 19 and 20: Ineffective assistance for failure to investigate and call mitigation witnesses.

In both the amended petition and this Court's order, these grounds were treated as alternatives to Grounds 30 and 31. Mr. Deck, of course, does not disagree with this Court's finding that at the time of the third penalty phase, it was impossible for him to receive a fair trial on the issue of whether he should be sentenced to death. Should that decision change or be overturned, Mr. Deck contends in the alternative that he is entitled to a hearing to develop his claims of ineffective assistance of counsel at the third penalty phase.

In his amended habeas petition, Mr. Deck raised as a ground for relief the failure of third penalty phase counsel to investigate and call numerous witnesses that were identified by state post-conviction counsel.  Mr. Deck raised two grounds

for relief regarding this failure. Ground 19 addressed those witnesses identified by post-conviction counsel and Ground 20 addressed additional witnesses and evidence identified by habeas counsel.

Mr. Deck raised these claims in his amended habeas petition with the anticipation that he would be able to fully investigate those mitigation witnesses that were not called by postconviction counsel. Prior to filing a reply in this case, on May 5, 2014, counsel filed a proposed budget and budget narrative encompassing the filing of the reply, or if necessary an amended habeas petition.[3] This budget included a request for additional work that needed to be performed by Mr. Deck's mitigation specialist Jessica Sutton. Attached to this budget were the declarations of Prof. Sean D. O'Brien concerning the prevailing standards for habeas counsel's investigation, and Ms. Sutton concerning the particular investigation needed in this case. On May 13, 2014, Judge Ross denied the request for further mitigation investigation and reduced the number of hours for which counsel could be compensated. Subsequently, Mr. Deck sought a writ of mandamus, arguing that the May 13, 2014 order exceeded the court's jurisdiction as it sought to limit the scope of appointed counsel's representation. Specifically, he argued that Judge Ross's pronouncement that counsel's duties regarding the presentation of Mr. Deck's grounds for relief consist only in arguing "whether the Missouri Supreme Court's decision regarding trial counsel's presentation of mitigation evidence was unreasonable or contrary to clearly established federal law" deprived Mr. Deck of

---

[3] The budget documents referenced here were filed under seal.

the resources to develop his mitigation evidence and for counsel to be compensated
for such work. The Eighth Circuit denied the writ without opinion and Mr. Deck's
counsel filed his reply to the State's response under protest because Mr. Deck had
been denied the resources necessary to support fully his grounds for relief.

Judge After the reply was filed, Judge Ross recused himself, and the case was
reassigned to this Court. The budget approved by Judge Ross ended, pursuant to his
direction, with the filing of the reply to the state's response.

Although this Court on October 18, 2015, directed counsel for Mr. Deck to
address whether three of his grounds for relief were unavailable for habeas review
because of an adequate and independent state ground, it did not request an
additional budget from counsel. Subsequently, counsel submitted a new budget in
which they expressed their need for additional funding so that they could
investigate the procedurally defaulted claims and the grounds for cause (that state
postconviction counsel was ineffective) pursuant to *Martinez.*. Prior to ruling on this
budget, this Court issued its judgment as to Deck's habeas claims. No additional
mitigation work or investigation has been performed since the filing of Mr. Deck's
reply.

In denying relief on Ground 19, this Court found that the Missouri Supreme
Court's decision in denying relief to Mr. Deck's claims that trial counsel was
ineffective for failing to investigate and present testimony at trial from numerous
witnesses, and specifically, Latisha Deck, Rita Deck, Elvina Deck, Michael Johnson,
Stacy-Tesreau-Bryant, Wilma Laird, Carol Miserocchi, Arturo Miserocchi, Tonia

Cummings, and David L. Hood was either not an unreasonable determination of the facts or contrary to clearly established law.

Given the fact that at Mr. Deck's most recent penalty phase trial, the only live witnesses that testified were experts (Dr. Eleatha Surratt and Dr. Wanda Draper) and that the remaining witness testimony consisted of the videotaped deposition testimony of Michael Deck (Mr. Deck's brother), Mary Banks (Mr. Deck's aunt), Beverly Dulinsky (Mr. Deck's aunt) and Major Puckett (Mr. Deck's former foster father.), it cannot be said that trial counsel had a strategic reason for not calling these witnesses. *Moore v. Johnson*, 194 F.3d 586, 604 (5th Cir. 1999) ("Court is. . . not required to condone unreasonable decisions parading under the umbrella of strategy, or to fabricate tactical decisions on behalf of counsel when it appears on the face of the record that counsel made no strategic decision at all."); *Griffin v. Warden*, 970 F.2d 1355, 1358-1359 (4th Cir. 1992) (court may not "conjure up tactical decisions an attorney could have made, but plainly did not. . . Tolerance of tactical miscalculations is one thing, fabrication of tactical excuses is quite another.").

Moreover, the Missouri Supreme Court ignored the fact that most of counsel's decisions regarding witnesses were based on inadequate investigation. In *Wiggins v. Smith*, 539 U.S. 510 (2003), the Court emphasized the duty of trial counsel to make a proper investigation of the facts of the case, and reversed because counsel made "strategic" decisions on the basis of inadequate investigation. Furthermore, as set out in Mr. Deck's traverse, the Missouri Supreme Court's decision ignored the

27

fact that it is not reasonable trial strategy to present all evidence through expert witnesses. Finally, the fact that counsel "rested" on an eight-year-old investigation cannot be considered sound trial strategy.

This Court found that Ground 20 was procedurally barred because Mr. Deck's claims that third penalty phase counsel failed to investigate and call numerous witnesses and present extensive records were not "substantial" for purposes of *Martinez*. Again, rather than determining whether Mr. Deck's claims of ineffective assistance of counsel had "some merit," this Court applied the wrong standard. Specifically, this Court found that trial counsel's failure to call the witnesses identified in Ground 20 did not prejudice Mr. Deck as there was no reasonable probability that their testimony would have changed the outcome of the trial. Doc. 86, pp. 61-65. As set out above, Mr. Deck should have received an evidentiary hearing regarding this ground for relief. Moreover, Mr. Deck should not have been denied the mitigation funds to further investigate and develop these witnesses. If Mr. Deck had been provided such funds he could have further demonstrated that these claims were substantial and could overcome the procedural default. Mr. Deck was entitled to effective assistance of counsel at the penalty phase of his capital trial. *See e.g. Williams (Terry) v. Taylor*, 529 U.S. 362 (2000); *Wiggins v. Smith*, 539 U.S. 510 (2003); *Rompilla v. Beard*, 545 U.S. 374 (2005).

Mr. Deck has demonstrated that post-conviction counsel was deficient in failing to raise these substantial claims of the denial of a constitutional right. Reasonable jurists could disagree whether additional mitigation evidence would

28

have altered the outcome of Mr. Deck's penalty phase trial. Again, Mr. Deck has made a strong enough showing of each *Martinez* element to call for an evidentiary hearing in this Court.

This Court should alter its judgment and grant relief on Grounds 19 and 20. In the alternative, a certificate of appealability should be issued as to them.


## CONCLUSION

For the foregoing reasons, Mr. Deck prays the Court to alter or amend its judgment or, in the alternative, for a certificate of appealability.

Respectfully submitted,

/s/ Elizabeth Unger Carlyle

Elizabeth Unger Carlyle
Carlyle Parish LLC
6320 Brookside Plaza #516
Kansas City, MO  64113
Mo. Bar No. 41930
(816) 525-6540
FAX (866) 764-1249
elizabeth@carlyleparishlaw.com

/s/ Kevin L. Schriener

Kevin L. Schriener
Law & Schriener, L.L.C.
141 North Meramec Avenue, Suite 314
Clayton, Missouri 63105
Mo. Bar No. 35490
(314) 721-7095
FAX (314) 863-7096
kschriener@schrienerlaw.com

ATTORNEYS FOR PETITIONER

**CERTIFICATE REGARDING SERVICE'**

I hereby certify that on May 11, 2017, the foregoing was served by this court's electronic filing system on all attorneys of record.

/s/ Elizabeth Unger Carlyle
_____
Elizabeth Unger Carlyle