UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARMAN L. DECK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:12 CV 1527 CDP |
| | ) |
| TROY STEELE, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

On April 13, 2017, I granted petitioner Carman L. Deck's petition for writ of habeas corpus on two of his thirty-two grounds for relief. I entered judgment that same date, vacating his death sentence and ordering that he be sentenced to life in prison without the possibility of parole. I denied a certificate of appealability on his remaining claims. Deck now moves under Fed. R. Civ. P. 59(e) for me to alter or amend my judgment on seventeen claims on which I denied relief or, in the alternative, grant a certificate of appealability on those claims. Upon careful consideration, I will deny Deck's motion.

**Legal Standard**

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than twenty-eight days after entry of the judgment. Rule 59(e) gives the court power to rectify its own mistakes following entry of judgment. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e)

motions are limited, however, to "correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation marks and citation omitted). They cannot be used to relitigate old matters or to raise new arguments, tender new legal theories, or present evidence that could have been offered or raised before the entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008); *Metro. St. Loius Sewer Dist.*, 440 F.3d at 933. A Rule 59(e) motion "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in *extraordinary circumstances*." *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1104 (E.D. Mo. 2013) (internal quotation marks and citation omitted) (emphasis in *Barnett*). A district court enjoys broad discretion in determining whether to grant or deny a Rule 59(e) motion. *Metro. St. Louis Sewer Dist.,* 440 F.3d at 933.

## Discussion

In his motion to alter or amend, Deck argues that I erred in finding several of his claims to be barred from federal habeas review by misapplying the law, failing to undergo the proper analysis, and/or failing to have an evidentiary hearing. He also challenges my substantive determination that several of his claims did not entitle him to habeas relief. Finally, he seeks a certificate of appealability on the claims. Deck does not present any newly discovered evidence.

I will address each claim in turn.

A.   Ground 1 – Admission of Confession

In the first ground of Deck's habeas petition, Deck claimed that his confession was obtained as a result of his unlawful arrest in violation of the Fourth Amendment. I found the claim not cognizable under *Stone v. Powell*, 428 U.S. 465 (1976), because the record showed that the State afforded Deck a full and fair opportunity to litigate the Fourth Amendment claim and Deck took full advantage of that opportunity. In his motion to alter or amend, Deck argues, as he did in his traverse supporting his habeas petition, that *Stone v. Powell* should not apply to capital cases, noting that the Supreme Court has applied the doctrine only to noncapital cases. Deck also raises a new argument, however, that *Stone v. Powell* no longer applies to any federal habeas case after the enactment of the Antiterrorism Effective Death Penalty Act (AEDPA). Deck cites *Carlson v. Ferguson*, 9 F. Supp. 2d 654 (D.W.V. 1998), and *Herrera v. McMaster*, 225 F.3d 1176 (10th Cir. 2000), to support this argument.

First, other than his repeated observation that the Supreme Court has not applied *Stone v. Powell* in the capital context, Deck presents nothing to persuade me that my previous finding of non-cognizability under this well-established Supreme Court doctrine was a manifest error of law or fact. To the extent Deck argues now that *Stone v. Powell* is generally inapplicable in federal habeas actions post-AEDPA, I note that Deck did not raise this argument or tender this legal theory on his original habeas claim despite now citing case law that was in

existence at that time. Because Deck could have raised this legal theory and argument prior to entry of judgment, I will not address it here. *Metro. St. Louis Sewer Dist.,* 440 F.3d at 933. Nevertheless, Deck's reliance on cases from West Virginia and the Tenth Circuit does not persuade me that *Stone v. Powell* no longer applies in the federal habeas context, especially given the Eighth Circuit's continued application of its holding. *See*, *e.g.*, *Chavez v. Weber*, 497 F.3d 796 (8th Cir. 2007); *Travis v. Norris*, 306 Fed. Appx. 334 (8th Cir. 2009).

Deck's motion to alter or amend my judgment on Ground 1 is denied.

B.  Ground 2 – Change of Venue

In his second ground of the petition, Deck argued that his constitutional rights were violated when the trial court denied his request for change of venue, because the trial pool was tainted by extensive pretrial publicity given to the murders. In his motion to alter or amend, Deck argues that I erred when I accorded deference to the Missouri Supreme Court's conclusion that Deck was not denied a fair and impartial jury because of publicity, because that court failed to consider whether the jurors who served on Deck's guilt-phase jury were tainted by publicity indicative of a "community pattern of thought" as described in *Irvin v. Dowd*, 366 U.S. 717 (1961). Deck argues that because the Missouri Supreme Court failed to consider this standard, its decision was contrary to or involved an unreasonable application of clearly established federal law. Deck further argues that the Missouri Supreme Court's decision was based on an unreasonable determination of

the facts. I disagree.

While the Missouri Supreme Court did not use the phrase "community pattern of thought" in its decision, it nevertheless applied this reasoning in reaching its conclusion that the pretrial publicity in Deck's case did not result in a less-than-impartial jury. After meticulously detailing the extent of the publicity (nine newspaper articles and several television news broadcasts), when it occurred (within a few weeks of the murders), its measured effect on the public, the passage of time before trial (eighteen months), and the voir dire process, the court rejected Deck's argument that the community was so "saturated with publicity" about the case that its residents were biased and prejudiced against him. *State v. Deck*, 994 S.W.2d 527, 532-34 (Mo. banc 1999). Contrary to Deck's argument, the court's analysis was based on and consistent with clearly established federal law, and it reasonably applied this law to the facts of Deck's case. No manifest error of law appears in my determination to not find otherwise.

Nor is there any manifest error of fact. Despite Deck's cursory assertion that the Missouri Supreme Court unreasonably determined the facts in reaching its decision, he wholly fails to present any evidence – let alone clear and convincing evidence – to rebut the presumption of correctness I must accord these facts. *See* 28 U.S.C. § 2254(e)(1). Nevertheless, unlike the circumstances faced by the defendant in *Irvin* – *i.e.*, jurors were exposed to a "barrage" of publicity in the few months immediately preceding trial, 90% of jurors on the venire panel had an

opinion of his guilt, and petit jury contained eight out of twelve jurors who already thought he was guilty – the factual circumstances of Deck's case do not show that the "community pattern of thought" revealed such a level of deep and bitter prejudice throughout the community or a preconception of guilt that so permeated the minds of the jurors that their statements of impartiality should have been given little weight. *Irvin*, 366 U.S. at 727-28.

Deck's motion to alter or amend my judgment on Ground 2 is denied.

C.     <u>Grounds 5, 6 & 20 – Defaulted Claims of Ineffective Assistance of Trial Counsel</u>

Deck contends that I committed procedural error by failing to conduct an evidentiary hearing on these claims of ineffective assistance of trial counsel, arguing that I erroneously relied on *Sweet v. Delo*, 125 F.3d 1144 (8th Cir. 1997), in denying a hearing. Deck states that "*Sweet* is so different from this case as to be virtually irrelevant" (Petr.'s Sugg. in Supp., ECF #89 at p. 5), and argues that, unlike the claims in *Sweet*, his claims raised in Grounds 5, 6, and 20 were not procedurally barred. He also contends that, unlike the defendant in *Sweet*, he never had the opportunity to develop the factual bases of these claims in State court.

As an initial matter, contrary to Deck's assertion, these claims are procedurally defaulted and barred from federal habeas review. (*See* Memo. & Order, ECF #86 at pp. 23-44, 56-67.) I am not required to have an evidentiary hearing on defaulted claims. *Sweet*, 125 F.3d at 1160 ("Because the bulk of

Sweet's claims of ineffective assistance of trial counsel are procedurally barred, a hearing on those claims would get him nowhere."). To the extent Deck attempts to relitigate the argument raised in his habeas petition and developed in his traverse that ineffective assistance of post-conviction counsel excused his default under *Martinez v. Ryan*, 566 U.S. 1 (2012), I thoroughly rejected this argument in my Order, and no manifest error of law or fact appears in my analysis. Nor has Deck shown extraordinary circumstances to warrant my revisiting this already thoroughly-litigated issue.

Deck argues, however, that I legally erred by performing a "full merits" review of his underlying claims of ineffective assistance of trial counsel in making my determination that they were not substantial and did not give rise to a *Martinez* claim of ineffective assistance of post-conviction counsel. There was no error in conducting such an analysis. In the course of determining whether additional proceedings are warranted to consider defaulted claims of ineffective trial counsel, a court evaluates whether the underlying claims are substantial or potentially meritorious. *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014) (citing *Sasser v. Hobbs*, 735 F.3d 833, 850-51 (8th Cir. 2013)). This evaluation may include a *Strickland*[1] analysis of trial counsel's challenged performance and whether it prejudiced the defense. *See, e.g., id.* at 834-40. Where the court's evaluation

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

shows that trial counsel did not render ineffective assistance under *Strickland*, the court may find that the claims are not substantial and do not justify an equitable exception to procedural default. *Id*; *see also Williams v. Wallace*, No. 4:15CV00534 AGF, 2017 WL 6731722, at *5 (E.D. Mo. Dec. 29, 2017) (post-conviction counsel's assistance did not constitute cause for default because underlying claims were "devoid of any merit").

I evaluated Deck's underlying claims under *Strickland* and found that they were not substantial. Undergoing this type of evaluation was not error. Having found the claims not substantial, I further found that post-conviction counsel did not render ineffective assistance by failing to raise the claims in State court. This likewise was not error. I am not required to have an evidentiary hearing on claims that are not substantial and are procedurally barred from habeas review. *Cf. Barnett*, 941 F. Supp. 2d at 1114, 1121 (evidentiary hearing granted only on underlying claim that court found "substantial"); *McLaughlin v. Steele*, 173 F. Supp. 3d 855, 870 (E.D. Mo. 2016) (granting evidentiary hearing where underlying claim of ineffective assistance was "substantial"). *See Sweet*, 125 F.3d at 1160 (hearing on defaulted claims would get petitioner nowhere).

Further, because there is no cause under *Martinez* for failing to raise an unsubstantial claim, I was not required to have a hearing on whether post-conviction counsel's assistance itself constituted cause for Deck's default of these claims. *Cf. Schriro v. Landrigan*, 550 U.S. 465, 481 (2007) (where evidentiary

hearing would not change result, district court has discretion to deny a hearing).[2]

Deck's motion to alter or amend my judgment on the claims raised in Grounds 5, 6, and 20 is denied.

D. Grounds 8 & 9 – Defaulted Claims of Ineffective Assistance of Trial Counsel

In these two grounds for relief, Deck claimed that trial counsel was ineffective for failing to object to certain hearsay testimony that was admitted at trial. I found the claims to be procedurally defaulted and barred from review. Because the claims were not substantial, I rejected Deck's argument under *Martinez* that post-conviction counsel was ineffective for failing to raise the claims in post-conviction proceedings. I therefore found that Deck failed to establish cause for his default and denied the claims.

---

[2] Deck's reliance on *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014), to argue for a hearing on post-conviction counsel's assistance is misplaced. The *Dickens* court remanded the case so that the district court could consider the applicability of *Martinez* in the first instance, given that the district court rendered its decision prior to the Supreme Court's *Martinez* decision. In ordering remand, the Ninth Circuit provided "guidance" to the district court that 28 U.S.C. § 2254(e)(2) does not bar a cause-and-prejudice hearing on post-conviction counsel's alleged ineffectiveness, "which requires a showing that [the] underlying trial-counsel [ineffective assistance of counsel] claim is substantial." *Id.* at 1320, 1321-22. In Deck's case here, the underlying claims of ineffective assistance of counsel raised in these grounds were determined to *not* be substantial, and therefore no cause-and-prejudice hearing was required on his claims of ineffective assistance of post-conviction counsel. Whether § 2254(e)(2) permits a cause-and-prejudice hearing is not relevant in this circumstance.

I am also not persuaded by Deck's reliance on the recent Fifth Circuit's decision in *Washington v. Davis*, No. 17-70009, 2017 WL 6523437 (5th Cir. Dec. 20, 2017) (unpublished) (per curiam). Unlike the district court in *Washington*, I thoroughly evaluated the record and discussed in my Order the basis for my conclusion that post-conviction counsel was not ineffective as well as the underlying merits of Deck's claims of ineffective assistance of trial counsel. The specific circumstances of *Washington* that caused the Fifth Circuit to remand to the district court for hearing, therefore, are not present here.

For the reasons set out above, I reject Deck's argument that I erred when I reviewed the merits of the underlying claims in determining that they were not substantial. Nor did I make a manifest error of law or fact in that determination. As I thoroughly explained in my Order, Deck's underlying claims of hearsay had no merit, and counsel is not ineffective for failing to raise non-meritorious objections. I also thoroughly examined the record relevant to Deck's claims and found that Deck suffered no prejudice from counsel's challenged conduct. Deck does not claim that I made a factual error in my determination. Nor does he demonstrate a manifest error in my legal analysis. Further, his present argument regarding hearsay does not raise any issues that I did not already fully consider in my Order. Deck may not use a Rule 59(e) motion to relitigate issues already decided by the Court.

Deck's motion to alter or amend my judgment on Grounds 8 and 9 is denied.

E.     Grounds 14 & 15 – Defaulted Claims of Trial Error

During the course of my review of Deck's habeas petition, I observed that some of the claims raised in Grounds 14 and 15 may be subject to procedural default given that they were reviewed in State court only for plain error. I therefore invited the parties to address the potentially defaulted aspects of these claims, to which Deck responded that there was no procedural bar because: 1) the Eighth Circuit wrongly decided the plain error default rule in *Clark v. Bertsch*, 780 F.3d 873 (8th Cir. 2015); 2) United States Supreme Court decisions superseded the

Eighth Circuit's plain error default rule; and 3) the Missouri Supreme Court's substantive discussion of Deck's unpreserved claims permitted me address the substance of the claims. I addressed each of these contentions in my Order and rejected them. I then went on to determine that the unpreserved claims were procedurally barred from federal habeas review and denied the claims.

In his motion to alter or amend, Deck reargues that his claims are not procedurally barred for the three reasons set out above. I fully discussed in my Order why these arguments are unavailing, and nothing in Deck's motion changes my previous conclusion. Because no manifest error of law or fact appears in my analysis and no extraordinary circumstances warrant my revisiting this already litigated issue, Deck's motion is denied as to the procedurally barred aspects of Grounds 14 and 15.

F.  Ground 14 – Prosecutor's Closing Argument/Merits (Improper Personalization)

In Ground 14 of his habeas petition, Deck claimed that the prosecutor engaged in improper closing argument during the third penalty-phase trial. Deck challenged four separate areas of the prosecutor's argument, but his challenge to only one area was preserved for appeal and addressed by the Missouri Supreme Court on its merits. Deck defaulted on his other challenges to the prosecutor's argument. Upon limited and deferential review of the supreme court's decision on Deck's preserved claim – that the prosecutor improperly personalized the argument

– I determined that the court's finding that no improper personalization occurred was not contrary to clearly established federal law. I further found that the challenged statements were nevertheless not so outrageous to render Deck's trial fundamentally unfair.

In his motion to alter or amend, Deck claims that I applied the wrong due process standard in my review of the State court's decision, arguing specifically that my citation to *James v. Bowersox*, 187 F.3d 866 (8th Cir. 1999), and *Sublett v. Dormire*, 217 F.3d 598 (8th Cir. 2000), improperly imposed a plain error level of review.

Deck's assertion is incorrect. In my Order, I properly identified the standard clearly established by the United States Supreme Court in *Darden v. Wainwright*[3] and *Lisenba v. California*[4] (ECF #86 at p. 107) and, based on this standard, concluded "under *Darden* and *Lisenba*, the Missouri Supreme Court's findings were not contrary to clearly established federal law." (*Id.* at p. 110.) Indeed, I explicitly applied the *Darden/Lisenba* standard when I found that the challenged statements did not so infect "the trial with unfairness that a reasonable probability exists that the verdict might have been different had the error not occurred." (*Id.* at

---

[3] 477 U.S. 168 (1986).

[4] 314 U.S. 219 (1941).

pp. 109-10.)[5]

Deck's motion to alter or amend my judgment on the preserved claim raised in Ground 14 is denied.

G.    Ground 16 – Burden of Proof on Mitigating Evidence

In his sixteenth ground, Deck claimed that certain jury instructions given to the penalty-phase jury improperly shifted the burden of proof to him regarding mitigating evidence. The Missouri Supreme Court relied on clearly established Supreme Court precedent – namely, *Kansas v. Marsh*, 548 U.S. 163 (2006) – and found Deck's claim to be without merit. I found that the State court's conclusions were not contrary to nor an unreasonable application of this precedent. Deck now argues that the Missouri Supreme Court erred when it applied *Marsh* because the Kansas statute at issue in *Marsh* differed from that in Missouri in that the Missouri statute required a jury to unanimously find that mitigating factors outweighed aggravating circumstances in order for a defendant to avoid the death penalty, thereby placing the burden on the defendant to overcome a presumption favoring the death penalty. Deck contends that because the Missouri Supreme Court erred in its reliance on *Marsh*, I erred in according deference to that court's decision.

To the extent Deck attempts to relitigate the issue raised in his petition that

---

[5] Deck primarily relies on *Weaver v. Bowersox*, 438 F.3d 832 (8th Cir. 2006), as authority for the standard he argues I should have applied. Notably, *Weaver* likewise cites *James* for the same legal principle for which I cited it in my Order, *see Weaver*, 438 F.3d at 840 – a principle Deck now criticizes.

the instructions improperly shifted the burden of proof, I will not give Deck a second bite at the apple.

To the extent Deck argues that I legally erred by according deference to the Missouri Supreme Court's reliance on *Marsh*, I disagree. That court reasonably based its decision on the Supreme Court's conclusion regarding the allocation of burdens of proof in the penalty phase of capital cases. Its decision was neither opposite to nor different from Supreme Court precedent, nor did the court unreasonably apply governing legal principles to the facts of Deck's case. Deck has not shown either in his petition or in this motion that the State supreme court's ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786-87 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Therefore, my deference to that court's decision was not error.

Nevertheless, there is simply no support for the assertion Deck makes in this motion that the jury was required to unanimously find that mitigation factors outweighed aggravating circumstances in order to avoid imposition of the death penalty. The instructions Deck challenges do not run afoul of Supreme Court precedent that requires the State to bear the burden to prove the existence of aggravating circumstances beyond a reasonable doubt just to make the defendant *eligible* for the death penalty. Such proof merely puts the death penalty on the table – it does not require or presume its imposition. Nor does the failure to "prove

unanimously" that mitigating circumstances outweigh the aggravating circumstances require imposition the death penalty. Indeed, the jurors were explicitly told here that they did *not* have to agree on mitigating facts; but that if they determined the mitigating evidence to outweigh the aggravating evidence, the jury must return a life sentence without parole. This is consistent with Supreme Court holdings. "[J]urors will accord mercy if they deem it appropriate, and withhold mercy if they do not, which is what our case law is designed to achieve." *Kansas v. Carr*, 136 S. Ct. 633, 642 (2016).

No manifest error of law or fact appears in my decision to deny Deck relief on this claim. Nor has Deck shown extraordinary circumstances to warrant relief. Deck's motion to alter or amend my judgment on Ground 16 is denied.

H.      Grounds 18 & 25 – Ineffective Assistance of Trial Counsel / Jury Selection

As to Ground 18, Deck does not challenge my review of the Missouri Supreme Court's finding that trial counsel did not render deficient performance and therefore was not ineffective under *Strickland*. Instead, Deck contends that I applied the wrong legal standard in finding that Deck did not suffer any prejudice. Under *Strickland*, however, Deck must show both deficient performance <u>and</u> prejudice in order to prevail on a claim of ineffective assistance of counsel. Therefore, even if Deck could attribute error to the standard I used to find that he did not suffer prejudice, his claim on this ground continues to fail because counsel's performance was not deficient.

- 15 -

As to Ground 25, Deck claimed in his habeas petition that counsel was ineffective in his voir dire questioning of jurors G.H. and R.E. In my Order, I found that counsel did not render deficient performance with respect to G.H. and that, with respect to both G.H. and R.E., Deck could not show he was prejudiced by their presence on the jury. (ECF #86 at pp. 139-44.) In his motion to alter or amend, Deck claims only that I used the wrong legal standard to find that he did not suffer prejudice.

Deck's argument fails on its face as to juror G.H. As with Ground 18, any legal error regarding a finding of no prejudice is of no instance because counsel's performance was not deficient. As to juror R.E., although I addressed only the prejudice prong of *Strickland*, I applied the correct legal standard to Deck's claim.

After thoroughly reviewing the voir dire record, I found that R.E. did not exhibit any evidence of bias or prejudice, or raise any concern regarding his ability to consider the case only on the facts presented in court. I further found that because Deck failed to demonstrate that R.E. acted with actual or implied bias during his service on the jury, he could not show that R.E.'s presence on the jury prejudiced him. (ECF #86 at pp. 142-44.) Deck criticizes my citation to *Sanders v. Norris*, 529 F.3d 787 (8th Cir. 2008), to support this conclusion, but *Sanders* expressly holds that to establish prejudice on a claim of ineffective assistance of counsel for failing to properly question a juror on voir dire, a habeas petitioner must show that the seated juror was biased either in fact or impliedly. *Sanders*,

529 F.3d at 794. Deck asserts, however, that unlike *Sanders* "he does not specify a particular juror who should not have been seated" and cannot do so because of counsel's inadequate voir dire. (Petr.'s Sugg. in Supp., ECF #89 at p. 23.) To the contrary, Deck specifically identified R.E. as the particular juror who sat on the petit jury during the third penalty-phase trial whom he claims counsel failed to adequately question. Because a thorough review of the record failed to show any bias on R.E.'s part, I correctly applied *Sanders* to find that Deck could not establish prejudice to prevail on a claim of ineffective assistance of counsel.

Deck's motion to alter or amend my judgment on Grounds 18 and 25 is denied.

I.  Ground 19 – Assistance of Trial Counsel / Mitigation Witnesses

In Ground 19 of his petition, Deck claimed that trial counsel was ineffective for failing to investigate and present testimony from several identified witnesses. Because Deck properly raised the claim in State court and the Missouri Supreme Court addressed the claim on its merits, I likewise addressed the substance of Deck's claim.

Upon limited and deferential review of the supreme court's decision, I found that that court's determination that Deck was not prejudiced by counsel's failure to call these witnesses was neither contrary to nor an unreasonable application of clearly established federal law. I further found that the decision was not based upon an unreasonable determination of facts presented in the State court

proceedings. In his motion to alter or amend, Deck merely seeks to relitigate the arguments raised in his habeas petition and traverse that counsel was ineffective for failing to present these witnesses. I thoroughly rejected his arguments in my Order, and no manifest error of law or fact appears in my analysis. Nor has Deck shown extraordinary circumstances to warrant my revisiting this already thoroughly-litigated issue.

Deck's motion to alter or amend my judgment on Ground 19 is denied.

J.     Grounds 23(b), 26, 28 & 32(b) – Defaulted Claims of Ineffective Assistance of Direct Appeal Counsel

Deck's argument that *Martinez*'s cause-for-procedural-default analysis extends to defaulted claims of ineffective assistance of counsel on direct appeal is foreclosed by the Supreme Court's holding in *Davila v. Davis*, 137 S. Ct. 2058 (2017). Because my Order is consistent with the holding in *Davila*, I will not alter or amend my judgment on these claims.

K.     Budget[6]

In this Rule 59(e) motion, Deck complains about this Court's and the Eighth Circuit's determinations regarding the budgets for appointed counsel that were approved for provisional periods of this litigation, *i.e.*, 1) until the filing of the habeas petition, and 2) post-petition for the purpose of filing a reply brief. Deck

---

[6] Although Deck seeks no relief in his Rule 59(e) motion regarding his budget complaints, his apparent criticism of the manner by which this Court and the Eighth Circuit dealt with his budget warrants some discussion.

filed his reply brief – his traverse – on September 7, 2014. The budget was last amended in December 2014 upon counsel's motion to account for certain work expended and expenses incurred through the filing of the traverse.

On November 29, 2015, counsel submitted a budget narrative with a proposed budget outlining their need for additional funding to permit them to investigate Deck's procedurally defaulted claims and related *Martinez* grounds for cause. This budget narrative was purportedly filed as a result of my ordering Deck to respond to the procedurally defaulted aspects of three claims. (*See* Memo. & Order, filed Oct. 8, 2015, ECF #76.) Notably, Deck's response to this Order was that the claims were not defaulted at all. Regardless, the November 2015 budget narrative included counsel's time and expenses for work since the filing of the traverse and for continued investigation into Deck's defaulted claims for purposes of an evidentiary hearing. No evidentiary hearing had been set, however, and, as is evident from my rulings on Deck's habeas petition as well as on his Rule 59(e) assertions of error, no evidentiary hearing was warranted in this action. Accordingly, Deck's criticism of my entering judgment on his habeas claims prior to ruling on his November 2015 budget narrative is for naught. Further, counsel provided no explanation as to why they waited until November 2015 to submit a budget narrative justifying a need to investigate claims that were fully briefed in September 2014.

In sum, nothing about the budget process warrants Deck to relief under Rule

59(e).

L.  Certificate of Appealability

Nothing presented by Deck in his motion persuades me to change my earlier decision to deny a certificate of appealability on the denied claims of Deck's habeas petition that he challenges here. I continue to find that reasonable jurists could not differ on any of these claims. Accordingly, because no substantial showing of the denial of a federal constitutional right has been made, I will deny Deck's alternative request for a certificate of appealability on the claims.

To the extent Deck argues that I should grant a certificate for review of my procedural decisions on his claims, that request will be denied because the procedural rulings are not debatable and, to those claims where I examined their underlying merits, they do not raise debatable claims that Deck was denied a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000); *Dansby*, 766 F.3d at 840; (8th Cir. 2014); *Barnett*, 941 F. Supp. 2d at 1113.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of petitioner Carman L. Deck to alter or amend judgment, or in the alternative for a certificate of appealability [88] is **DENIED.**

                                             */s/ Catherine D. Perry*
                                          CATHERINE D. PERRY
                                          UNITED STATES DISTRICT JUDGE

Dated this 20th day of February, 2018.